IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sharon Benjamin, ) | C/A No. 3:11-1710-JFA-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| Clarence James Washington, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The plaintiff, Sharon Benjamin ("Plaintiff"), proceeding *pro se*, brings this action against the named defendant. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Plaintiff is a resident of Sumter, South Carolina. Defendant is also a resident of Sumter, South Carolina. The "STATEMENT OF CLAIM" portion of the Complaint reveals that this civil action arises out of Defendant's allegedly listing Plaintiff's son as a dependent on Defendant's tax returns:

> Mr. Clarence J. Washington continues to file my son (Tyreke Wilson) on his taxes knowing that my child does not reside with him. I have asked him numerous times to stop filing my child on his taxes, and he continues to do it! "And something needs to be done."

(Compl., ECF No. 1 at 2-3.)

In Plaintiff's prayer for relief, Plaintiff writes:

PJG

>I want justice to be served.  And I want him to pay the government back their money.

(Id. at 5.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint.  This review has been conducted in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than

*PJG*

those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**DISCUSSION**

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Federal courts are courts of limited jurisdiction,

"constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 327, 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, 147 F.3d at 352.

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, Inc., 191 F.3d at 399 (citing 2 Moore's Federal Practice § 8.03[3] (3rd edition 1997)).

As stated above, diversity of citizenship is lacking here. 28 U.S.C. § 1332; see Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 (1978). Moreover, no claim asserting a federal question exists here. Plaintiff cannot assert a viable federal claim under § 1983 because the defendant has not acted under color of state law. To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant deprived him or her of a federal right, and (2) did so under color of state law. See Gomez v. Toledo,

PJG

446 U.S. 635, 640 (1980); Am. Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50-52 (1999); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980).

Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State. Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982); Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961).

Finally, in this civil action, Plaintiff cannot obtain a state or federal criminal investigation or criminal charges against Defendant. See Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); Diamond v. Charles, 476 U.S. 54, 64-65 (1986) (applying Linda R. S. v. Richard D. and collecting cases); Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981).

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without service of process. See 28 U.S.C. § 1915.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 29, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u>  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).